**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2696

_____

AMRO A. ELANSARI,
                                        Appellant

v.

JAGEX INC.; SHANGHAI HONGTOU; NETWORK TECHNOLOGY CO. LTD.;
SHANGHAI FUKONG; INTERACTIVE ENTERTAINMENT CO. LTD.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:19-cv-03006)
District Judge: Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before:  SHWARTZ, RESTREPO and RENDELL, <u>Circuit Judges</u>

(Opinion filed:  January 22, 2020)

_____

O P I N I O N*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Amro Elansari appeals from the District Court's dismissal of Elansari's claims after screening Elansari's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In July 2019, Elansari filed a complaint alleging that after playing a game operated by defendant Jagex Ltd. on the internet for some time, Elansari was "muted" from the game for no reason, and Elansari's internal appeal was denied. See Compl. at p. 3. Elansari's complaint alleged a variety of federal constitutional violations.[1] See id. at p. 2. Elansari requested that Jagex "remove the mute on Plaintiff's account." See id. at p. 4.

After granting Elansari's application to proceed in forma pauperis, the District Court screened Elansari's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it. The District Court dismissed Elansari's federal constitutional claims with prejudice. The District Court also did not understand Elansari to have raised a state law claim but observed that Elansari might be able to bring such a claim in a proper forum exercising jurisdiction over the foreign defendants. Finally, the District Court determined that Elansari could not profitably amend the constitutional claims. Elansari timely appealed.

---

[1] The phrase "breach of contract" also appeared on Elansari's complaint, and Elansari checked a box on the complaint labeled "diversity jurisdiction," but the designation form accompanying the complaint identified Elansari's case as a civil rights case brought solely under the District Court's federal question jurisdiction. The District Court concluded that Elansari had not brought a state law claim, a construction that Elansari does not challenge on appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We construe Elansari's allegations liberally and exercise plenary review over the District Court's dismissal of Elansari's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

On appeal, Elansari first argues that the District Court should have adjudicated, and granted relief on, a Fourteenth Amendment claim. See Appellant's Br. at p. 6-7. However, state action is a prerequisite for bringing a Fourteenth Amendment claim, and Elansari has made no allegations indicating that any named defendant is a state actor. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (explaining that the Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action'").

Next, citing Title II of the Civil Rights Act of 1964, Elansari maintains that the District Court should have identified and considered a claim of public accommodations discrimination in Elansari's complaint. See Appellant's Br. at p. 4, 7, 9. Elansari insists that defendant Jagex should be liable for "unequal treatment" because Elansari's account was "muted . . . compared to all other players who are not muted." See id. at p. 6.

Title II prohibits "discrimination . . . on the ground of race, color, religion, or

---

[2] The District Court adjudicated the only claims it identified in Elansari's complaint — federal constitutional claims — and concluded that those claims could not be usefully amended, making the District Court's order final pursuant to 28 U.S.C. § 1291. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013). Elansari does not argue on appeal that the District Court erred in failing to perceive a state law contract claim in the complaint, thus waiving any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal").

national origin." See 42 U.S.C. § 2000a. Even generously construing Elansari's complaint to raise a claim of public accommodations discrimination and assuming that Elansari can bring such a claim in this context, at no point either in the District Court or on appeal has Elansari alleged losing access to Jagex's online game due to discrimination based on any of the grounds protected by Title II.[3] See Daniel v. Paul, 395 U.S. 298, 301 (1969).

For the reasons above, Elansari has shown no error in the District Court's dismissal of the complaint. Accordingly, we will affirm the District Court's judgment

---

[3] Under the circumstances of this case, the District Court did not abuse its discretion in declining to offer Elansari leave to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).